UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM B. MARSHALL | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-294 |
| | ) | |
| KATHY TERRILL, Jail Adm'r, | ) | |
| and ROGER GENTRY, Sheriff | ) | |

**MEMORANDUM and ORDER**

Seeking damages and a transfer to another facility, William B. Marshall, a
state prisoner housed in the Johnson County Detention Center ("JCDC"), brings this
*pro se* civil rights action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. §
1915(b)(1), the plaintiff is **ASSESSED** the full filing fee of two hundred and fifty
dollars ($250). The custodian of inmate trust accounts at the JCDC shall submit to
the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater
of:

(1) the average monthly deposits to the plaintiff's inmate trust account; <u>or</u>

(2) the average monthly balance in his inmate trust account, for the six (6)

months immediately preceding the filing of this case.

After full payment of the initial partial filing fee, the custodian shall submit
twenty percent (20%) of the plaintiff's preceding monthly income credited to his

account, but only when such monthly income exceeds ten dollars ($10), until the plaintiff has paid the $250 filing fee in full.[1]  28 U.S.C.A. § 1915(b)(2).  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

The Clerk is **DIRECTED** to send copies of this Order to the custodian of inmate trust accounts at the JCDC and to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment procedures outlined above.

In his complaint, the plaintiff alleges that he was locked down 24 hours per day for sixteen days straight, without being given cleaning supplies or exercise periods, and that, for 6 days, the water in the cell was turned off, the toilet could not be flushed, and he could not contact his attorney, family or anyone else by mail or telephone.  (Doc. 3).  In a subsequent letter, he also claims that he is being denied an opportunity to see or speak with a mental health doctor or counselor.  (Doc. 5).

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints.  *See* 42 U.S.C. § 1997e;  *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert.*

---

[1] Send all remittances to:  Clerk's Office, USDC
220 West Depot Street, Suite 200
Greeneville, TN 37643.

*denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

In paragraph C of the plaintiff's complaint, he indicates that he has filed grievances concerning the facts presented as federal claims in his lawsuit, but that the JCDC authorities would not respond. Attached to his complaint is a copy of a grievance, in which the plaintiff complains about being deprived of exercise for sixteen days. Thus, it appears that he has exhausted his exercise claim.

However, with respect to the rest of his claims, the Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion

3

issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to *all* claims raised in his complaint.

Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with regard to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

4